**BLD-167**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4591
_____

GREGG L. SMITH, JR.,
                              Appellant

v.

WILKES BARRE POLICE OFFCER BADGE #667
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-02001)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 10, 2013)
_____

OPINION
_____

PER CURIAM

        Pro Se Appellant Gregg L. Smith, Jr., appeals the dismissal of his complaint under

28 U.S.C. § 1915(e)(2)(B)(ii).  Because the appeal does not present a substantial

question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Smith filed this § 1983 civil rights action against Defendant Wilkes Barre Police Department Officer Badge # 667. The allegations of Smith's complaint are difficult to discern, but the gist of his complaint seems to be that the officer threatened to stab him in the neck with a pen. This was one of five civil rights actions filed by Smith. On October 26, 2012, a Magistrate filed a report and recommendations in which he recommended that Smith's application to proceed in forma pauperis be granted and that all five civil rights actions filed by Smith be dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim. The Magistrate's report did not specifically address Smith's claims against Wilkes Barre Police Department Officer Badge # 667, but stated that overall, Smith failed to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that he failed to identify the constitutional right in question in each of his complaints. On November 30, 2012, the District Court adopted the Magistrate's report and recommendation and dismissed Smith's complaints with prejudice. Smith then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. This Court

2

affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Smith's complaint against Wilkes Barre Police Department Officer Badge # 667 fails to state a claim upon which relief can be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, even affording Smith with the liberal construction we must give to pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), his complaint does not state a plausible claim for relief. Specifically, Smith alleges:

> I, Gregg Smith am making this complaint because this officer threatend (sic) to stab me in my neck with a pen at the residence of 29 Essex Lane. I was detained inside Arlene Bly "Great Grandmother" of my daughter wile (sic) he was walking me to his car he already snatched the pen out of my hand in the house because I ask him his name a badge because the mother of my child was to leave because Arlene didn't want here there at the time. Arlene told the officers that I was pefictly (sic) fine. The gave mea public drunkness (sic) fine wile (sic) I was in the police station. They detained me inside the house 29 Essex Lane Wilkes Barre PA 18702. He officer # 667 also stated wile (sic) I was in the back of the car "Do you know about the basement" I wouldn't say a word to him after he threaten me with the pen

3

that he took from me. He also doing the car ride asked me what I was doing in Wilkes Barre PA. "Family" etc. I was there to see my daughter. This officer new (sic) that he was wrong. I believe that why he didn't come to the madgestrate (sic). The madgestrait (sic) told me that he was on his way. I wated (sic) an he dismissed the case. I put a copy of the sitation (sic) in the complaint.

These allegations do not constitute a "short and plain statement of the claim showing that [Smith] is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Using our judicial common sense, we conclude that Smith's complaint does not state a plausible claim for relief. See Iqbal, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" (citation omitted)). Accordingly, the District Court properly dismissed Smith's complaint for failure to state a claim. Moreover, we are satisfied that amendment to Smith's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For the foregoing reasons, we will summarily affirm the District Court's order dismissing Smith's complaint with prejudice. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.